United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIOSIUA LIVAI, et al.,<br>Plaintiffs,<br>v.<br>ROCKET MORTGAGE, LLC, et al.,<br>Defendants. | Case No. 26-cv-07433-EMC<br>**ORDER REMANDING CASE**<br>Docket Nos. 14, 23, 24 |

Previously, the Court held a hearing on Defendants' motion to dismiss. *See* Docket No. 14 (motion to dismiss); Docket No. 22 (minutes for hearing on motion to dismiss). At the hearing, the Court asked the parties to provide supplemental briefing on subject matter jurisdiction – in particular, the amount-in-controversy requirement for diversity jurisdiction. *See* Docket No. 22. Having considered the parties' supplemental briefs, the Court now concludes that Defendants have failed to satisfy their burden of proving subject matter jurisdiction. Accordingly, the Court remands the case back to state court.

## I. DISCUSSION

The instant case is a foreclosure-related action that was initially filed in state court. In their complaint, Plaintiffs pled only state law claims based on the California Homeowner Bill of Rights ("HBOR"). Defendants removed the case based on diversity jurisdiction. Although Plaintiffs did not thereafter file a motion to remand for lack of subject matter jurisdiction, the Court still has on obligation to ensure that it does, in fact, have jurisdiction.[1] *See* Fed. R. Civ. P.

[1] In their supplemental brief, Plaintiffs also belatedly argue for a remand based on lack of subject matter jurisdiction.

United States District Court
Northern District of California

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grizzly Gen. Contrs. Corp. v. Kitsap Pub. Health Dist.*, No. 25-2183, 2026 U.S. App. LEXIS 7776, at *5 (9th Cir. Mar. 17, 2026) ("Sua sponte dismissal is required whenever a district court determines it lacks subject-matter jurisdiction."); *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1061 (9th Cir. 2023) ("[T]he district court has the power and the obligation to raise jurisdictional issues such as standing sua sponte[.]"). The Court thus considers the issue of whether there is subject matter jurisdiction.

> [I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction – typically the defendant in the substantive dispute – has the burden to prove, by a preponderance of the evidence, that removal is proper. The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and "must be rejected if there is any doubt as to the right of removal in the first instance." This gives rise to a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper." For these reasons, "[a court] strictly construe[s] the removal statute against removal jurisdiction."

*Geographic Expeds., Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (discussing different burdens when a plaintiff initially files in federal court and when a defendant removes to federal court).

In the instant case, the critical issue is whether the amount-in-controversy requirement for diversity jurisdiction has been satisfied. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."). In their notice of removal, Defendants acknowledge that Plaintiffs have stated in the caption of their complaint that the amount in controversy is *less* than $75,000. *See* Compl. (caption). But Defendants point out that the text of the complaint is vaguer in nature. *See* Compl. ¶ 10 ("PLAINTIFF is suing for damages that are related to violation [of] various California statutes and the Homeowner Bill of Rights Act wherein the amount of controversy is *approximately* $75,000.00 and/or according to proof.") (emphasis added). Defendants also assert that the face of complaint sufficiently establishes that the amount in controversy exceeds $75,000. In particular,

Defendants point out that Plaintiffs seek not only damages but also civil penalties under California Civil Code § 2924.12(b) (the greater of treble damages or $50,000); furthermore, Plaintiffs admit that they owe approximately $730,000 on the mortgage loan and that the value of the real property at issue exceeds $1 million.[2] In their supplemental brief, Defendants reiterate their position that the amount of the loan or the value of the property should be counted toward the amount in controversy.

The Court concludes that Defendants have failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. **First**, although Plaintiffs did refer to damages and civil penalties under § 2924.12(b), such damages or penalties are available only after a trustee's deed upon sale has been recorded. Before then, only injunctive relief is available. At the time Plaintiffs filed their complaint – and at the time of removal[3] or even at present – no trustee's deed upon sale had been recorded with respect to the real property at issue. Indeed, Plaintiffs alleged in their complaint that the trustee's sale was noticed for the day after the filing of the complaint. Nothing in the record establishes the sale has occurred. Under such circumstances, a number of courts have held that, *e.g.*, the civil penalties under § 2924.12(b) cannot be counted toward the amount in controversy. *See, e.g.*, *Mendoza v. Carrington Mortg. Servs., LLC*, No. 2:26-cv-03745-BFM, 2026 U.S. Dist. LEXIS 127206, at *4 (C.D. Cal. June 9, 2026) ("As Plaintiff's Complaint does not allege that a deed upon sale was recorded, those damages would not count toward the amount in controversy."); *Funk v. Bank of Hawai'i*, No. 20-CV-01378-BLF, 2020 U.S. Dist. LEXIS 85252, at *14 (N.D. Cal. May 14, 2020) ("Plaintiff does not allege that the sale has occurred or that a trustee's deed upon sale has been recorded. Neither have Defendants

[2] Defendants have not made any argument regarding attorneys' fees in support of their position that the amount-in-controversy requirement has been satisfied. *See* Cal. Civ. Code § 2924.12(h) ("A court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section. A borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was awarded damages pursuant to this section."). By failing to do so, Defendants have necessarily failed to prove, by a preponderance of the evidence, the amount of attorneys' fees that will likely be incurred in this case.

[3] *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018) ("[T]he amount in controversy includes all relief claimed *at the time of removal* to which the plaintiff would be entitled if she prevails.") (emphasis added).

presented any evidence of the sale. Section 2924.12(b), therefore, does not apply as of the point of removal. Thus, contrary to Defendants' assertions, Plaintiff's request for statutory damages does not add $50,000 per Defendant to the amount in controversy under Cal. Civ. Code Section 2924.12(b).”); *Williams v. Wells Fargo Bank, N.A.*, No. 17-02249 WBS KJN, 2018 U.S. Dist. LEXIS 7651, at *11 (E.D. Cal. Jan. 16, 2018) (“‘The Court determines the amount in controversy from the allegations in the Complaint . . . . Plaintiff does not allege that the sale has occurred or that a trustee's deed upon sale has been recorded. Section 2924.12(b), therefore, does not apply.’”).

**Second**, although Plaintiffs admit they owe approximately $730,000 on the mortgage loan and that the real property is worth more than $1 million, that does not mean that their indebtedness or the value of the property should be counted toward the amount in controversy. In *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770 (9th Cir. 2017), the Ninth Circuit was asked to determine how to measure the amount in controversy for purposes of diversity jurisdiction when a plaintiff in a foreclosure-related action seeks injunctive relief and the object of the litigation is simply “a temporary injunction of the foreclosure process to require [the defendant] to consider [the plaintiff’s] loan modification application.” *Id.* at 775. The court held “the value of the property or amount of indebtedness are not the amounts in controversy in such a circumstance.” *Id.* at 772.

> “Under the ‘either viewpoint’ rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce.” . . . The only pecuniary harm that would be suffered by [the defendant] is the cost of having to review [the plaintiff’s] loan modification application and of having to delay foreclosure for the length of that review. Meanwhile, the only pecuniary benefit that would be gained by [the plaintiff] would be derived from temporarily retaining possession of the Property while [the defendant] reviews the application. Neither of these amounts even approaches the full amount of indebtedness on the property because neither outcome results in [the plaintiff] being relieved of the obligation to repay the debt to [the defendant].

*Id.* at 776.

The Ninth Circuit emphasized that “[t]his circumstance is unlike cases in which plaintiffs seek to enjoin foreclosure *indefinitely* as part of an effort to *quiet title* to the property or *rescind*

*their loan agreements*." *Id.* (emphasis added). "When a plaintiff seeks to quiet title to a property or permanently enjoin foreclosure, the object of the litigation is the *ownership* of the property. Therefore, the value of the property or the amount of indebtedness on the property is a proper measure of the amount in controversy." *Id.* (emphasis added).

Nothing in the complaint suggests that Plaintiffs are trying to quiet title or rescind the loan agreement. Nor does the complaint otherwise indicate that Plaintiffs are seeking to enjoin foreclosure indefinitely or permanently. *See, e.g.*, Compl. ¶ 40 ("PLAINTIFFS request[] an injunction *prior to the foreclosure sale*, or civil and statutory penalties post-foreclosure against DEFENDANTS in an amount to be determined at trial if post-foreclosure.") (emphasis added). Defendants point to ¶ 41 of the complaint where Plaintiffs allege they "request an injunction so they can request to sell the property if they are denied the loan modification and not lose $1,000,000 in equity." Compl. ¶ 41. However, this is not a clear request to prevent a foreclosure altogether. Rather, it seems Plaintiffs seek to temporarily enjoin the foreclosure process so as to make a request for another work-out option. Certainly, the object here is not to acquire full ownership of the property free of the encumbrance as Plaintiffs would be selling the property so as to be able to pay back the money owed to Defendants; this would simply be a vehicle to pay off the loan other than through a foreclosure sale. *Cf. Corral*, 878 F.3d at 776 (noting that, even if plaintiffs were to succeed in their suit and obtain a temporary injunction of the foreclosure process, "they would not be able to retain possession and ownership of their Property without paying off their debt").

Defendants protest that "the object of the injunctive relief for Plaintiffs is to save $1,000,000 in equity, clearly exceeding the $75,000 jurisdiction threshold for this Court." Defs.' Supp. Br. at 4 n.1. But that misconstrues the relief being sought by Plaintiffs. While Plaintiffs may ultimately desire the ability to sell the property themselves to preserve some portion of the equity by maximizing the sales price outside of a foreclosure sale, the specific relief sought is simply a temporary injunction so that Plaintiffs can ask the lender or servicer if it will consent to a different sale process. At bottom, "the only pecuniary benefit that would be gained by [Plaintiffs] would be derived from temporarily retaining possession of the Property while [Defendants]

United States District Court
Northern District of California

review[]" the request for the option for Plaintiffs to sell the property themselves. *Corral*, 878 F.3d at 776. Defendants have failed to establish the value of that relief exceeds $75,000.

Defendants' final contention is that the *Corral* framework has no application in the instant case because *Corral* is predicated on a plaintiff seeking a temporary injunction pending review of a loan modification application: "[W]ithout a pending loan modification review, *Corral* is inapplicable." *Castellucci v. JPMorgan Chase*, No. 2:21-cv-02321-AB-KS, 2021 U.S. Dist. LEXIS 77781, at *6 (C.D. Cal. Apr. 22, 2021). Defendants point out that, in their complaint, Plaintiffs admit that their loan modification application was denied. There are two problems with Defendants' position. First, *Corral* did not foreclose the same framework from applying when a plaintiff seeks a temporary injunction of the foreclosure process so that they can ask for relief from a lender or servicer in a form other than a loan modification consensually offered by the lender. Second, even if *Corral* requires a pending loan modification application, Plaintiffs have essentially alleged that they have a pending application because they were not issued a written denial, *see* Compl. ¶ 42 (alleging that Plaintiffs "were advised the loan modification application was denied . . . but have not received a written denial"), which would have also informed them of the reasons for the denial and their right to appeal. *See* Cal. Civ. Code § 2923.6(e)(1) (providing that no notice of default or sale shall be recorded, or sale conducted, until after "the borrower is notified in writing of the denial"); *id.* § 2923.6(f) (providing that, after a denial, a servicer shall send a written notice identifying the reasons for denial and providing information about the right to appeal). Technically, as alleged, the loan modification process has not been finalized.

**Finally**, to the extent Defendants have noted that there are other categories of damages of relief that can be counted toward the amount in controversy, *see, e.g.*, *Corral*, 878 F.3d at 776 (noting that "[p]arties seeking to establish diversity jurisdiction over [foreclosure temporary injunction] cases may still demonstrate that the amount in controversy requirement is satisfied using other measures, such as the transactional costs to the lender of delaying foreclosure or a fair rental value of the property during the pendency of the injunction"), they have failed to quantify any such categories of damages or relief. "'Conclusory allegations as to the amount in controversy are insufficient.'" *Id.* at 774.

Accordingly, the Court holds that Defendants have failed to prove by a preponderance of the evidence that the amount in controversy has been satisfied. Remand is therefore warranted. Because the Court is remanding the case back to state court, Defendants' motion to dismiss is moot, although Defendants are not precluded from making the same arguments in a motion to dismiss before the state court.

## II. CONCLUSION

For the foregoing reasons, the Court remands the case and finds Defendants' motion to dismiss moot because of the remand.

This order disposes of Docket No. 14.

**IT IS SO ORDERED**.

Dated: October 16, 2026

EDWARD M. CHEN
United States District Judge



United States District Court
Northern District of California